IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| MORGAN JEROME BURTON, JR., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CASE NO. 2:25-CV-160-WKW |
| ) | [WO] |
| JOSEPH HEADLEY, CAMILLE ) | |
| CARGIL, ROZILLA HOWARD, and ) | |
| OTIS SMITH, ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM OPINION AND ORDER**

Petitioner, a convicted state inmate in custody at the Staton Correctional Facility in Elmore, Alabama, has filed a *pro se* action against governmental officials, titled "Execution of Order." The action will be dismissed under 28 U.S.C. § 1915(g) and, alternatively, under 28 U.S.C. § 1915A.

**I. BACKGROUND**

Liberally construed, Plaintiff's filing, titled "Execution of Order," is a disguised 42 U.S.C. § 1983 action. The filing alleges disjointed allegations for a writ for "levy and garnishment" against Defendants for an unidentified default judgment Plaintiff allegedly obtained against them in the Middle District of Alabama for a § 1983 violation pertaining to an unspecified injury occurring in May 2020. (Doc. # 1 at 1.) The writ seeks "payment of 12 million dollars due to these public

officials['] violation of laws . . . ." (Doc. # 1 at 2.) No such default judgment has been entered in this court, and notably, Plaintiff fails to identify any case by name.

## II. DISCUSSION

Dismissal of this action is warranted because Plaintiff has at least three strikes under 28 U.S.C. § 1915(g). Section 1915(g), which restricts a prisoner's ability to proceed *in forma pauperis*, provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

This provision of the Prison Litigation Reform Act of 1995 "established what has become known as the three-strikes rule." *Lomax v. Ortiz-Marquez*, 140 S. Ct. 1721, 1723 (2020) (citation omitted). This rule generally prohibits a prisoner from filing a civil action *in forma pauperis*—meaning without paying the full filing fee—if three or more of his previous actions were dismissed for the reasons enumerated in § 1915(g). *Id.* When a prisoner has three or more "strikes" under this rule and fails to pay the full filing fee at the time he files his civil action, the proper procedure is for the court to dismiss the complaint without prejudice. *See Dupree v. Palmer*, 284 F.3d 1234, 1236 (11th Cir. 2002) (per curiam). The three-striker cannot cure such failure by paying the filing fee after the action has been filed. *Id.*

2

Plaintiff has accumulated at least three strikes under § 1915(g).  *See, e.g., Burton v. President Pro Tempore Senators*, Case No. 2:13-cv-680 (M.D. Ala. 2013) (dismissed as frivolous or malicious and for failure to state a claim upon which relief may be granted); *Burton v. Crow*, Case No. 3:18-cv-93 (M.D. Ala. 2018) (same); and *Burton v. Walker*, 3:23-cv-499 (M.D. Ala. 2023) (dismissed as frivolous).  Also, a fourth action filed by Plaintiff, *Burton v. Walker*, Case No. 3:24-cv-714 (M.D. Ala. Nov. 6, 2024), already has been dismissed by this court under the three-strikes rule.  Thus, Plaintiff may not proceed *in forma pauperis* in this case unless his Complaint, as a whole, alleges "imminent danger of serious physical injury" at the time the Complaint was filed.  *Brown v. Johnson*, 387 F.3d 1344, 1350 (11th Cir. 2004); *see also* § 1915(g).  Plaintiff's allegations as a whole fail to demonstrate that he faced imminent danger of serious physical injury at the time he filed this action.  For these reasons, dismissal of Plaintiff's action under § 1915(g) is required.

Another reason exists for dismissal of this action.  That reason lies in 28 U.S.C. § 1915A.  Under § 1915A, a district court must review complaints filed by prisoners seeking redress from a governmental entity or its officers or employees.  Dismissal is mandatory if the complaint, or any part of it, is "frivolous, malicious, or fails to state a claim upon which relief may be granted." § 1915A(b)(1).  To state a claim, a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).  While *pro se* plaintiffs

3

are held to a less stringent pleading standard than represented parties, *see Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam), they must allege enough facts to "nudge[ ] their claims across the line from conceivable to plausible," or "their complaint must be dismissed." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Additionally, a claim is frivolous if it "'lacks an arguable basis either in law or in fact.'" *Miller v. Donald*, 541 F.3d 1091, 1100 (11th Cir. 2008) (quoting *Neitzke v. Williams*, 490 U.S. 319, 327 (1989)). A claim is "factually frivolous" if it is "clearly baseless." *Denton v. Hernandez*, 504 U.S. 25, 32 (1992).

Plaintiff's filing, titled "Execution of Order," does not contain a plain statement of a cognizable claim. The allegations do not nudge a claim from implausible to conceivable, much less from conceivable to plausible. As it stands, Plaintiff has not secured a default judgment against Defendants in this district. Consequently, any potential claim based on those allegations would be "clearly baseless" and thus "factually frivolous." *Denton*, 504 U.S. at 32. Accordingly, Plaintiff's complaint, though presented as a writ, is frivolous and fails to state a claim upon which relief may be granted under § 1915A(b)(1).

No amendment could cure these plainly defective allegations. Because an amendment would be futile, it will not be allowed. *See Jenkins v. Walker*, 620 F. App'x 709, 711 (11th Cir. 2015) (per curiam) (citing *Cockrell v. Sparks*, 510 F.3d 1307, 1310 (11th Cir. 2007)).

## III. CONCLUSION

Based on the foregoing, it is ORDERED that this action is DISMISSED without prejudice pursuant to 28 U.S.C. § 1915(g) and, alternatively, under 28 U.S.C. § 1915A(b)(1).

Final judgment will be entered separately.

DONE this 28th day of February, 2025.

                                           /s/ W. Keith Watkins
                               UNITED STATES DISTRICT JUDGE