IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| MORGAN JEROME BURTON, JR., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CASE NO. 2:25-CV-160-WKW |
| | ) [WO] |
| JOSEPH HEADLEY, CAMILLE CARGIL, ROZILLA HOWARD, and OTIS SMITH, | ) |
| | ) |
| Defendants. | ) |

# **ORDER**

On February 28, 2025, Plaintiff Morgan Jerome Burton, Jr.'s *pro se* action was dismissed without prejudice prior to service of process under 28 U.S.C. §§ 1915(g) and 1915A, and final judgment was entered the same date. (Docs. # 2, 3.) On March 14, 2025, Plaintiff's motion to alter or amend the judgment under Federal Rule of Civil Procedure 59(e) or, in the alternative, to vacate the judgment under Federal Rule of Civil Procedure 60(b) was denied. (Docs. # 4, 5.) Before the court are (1) Plaintiff's motion (Doc. # 6) seeking relief from the final judgment and (2) Plaintiff's stipulation and order for dismissal with prejudice (Doc. # 7), which is construed as a motion for an order for dismissal with prejudice.

As previously explained in the court's orders, Plaintiff is entitled to no relief in this action for the following reasons. First, Plaintiff has accumulated at least three

strikes under § 1915(g) and has not demonstrated an exception to the restrictions imposed by § 1915(g). This means that Plaintiff cannot file a civil action without paying the full filing fee because at least three of his previous actions were dismissed for reasons enumerated in § 1915(g). When a prisoner, like Plaintiff, has three or more "strikes" under this rule and fails to pay the full filing fee at the time he files his civil action, the proper procedure is for the court to dismiss the complaint without prejudice. *See Dupree v. Palmer*, 284 F.3d 1234, 1236 (11th Cir. 2002) (per curiam). Second, Plaintiff's initial filing, titled "Execution of Order," is frivolous and fails to state a claim upon which relief may be granted within the meaning of 28 U.S.C. § 1915A(b)(1). (*See* Doc. # 2 (Order).)

Plaintiff's current motion (Doc. # 6) seeks relief from the final judgment and requests the reopening of his case if Defendants do not agree to a mutual release or a payment of $10 million. To reiterate, Plaintiff is not entitled to any relief in this action, and, therefore, this motion will be denied. Additionally, Plaintiff has filed a motion for an order for dismissal of this action with prejudice. (Doc. # 7.) This motion seeks a stipulation from counsel for Defendants for the dismissal of this action. This action already has been dismissed, and the dismissal was prior to service of process on Defendants; therefore, this motion also will be denied. Finally, neither motion establishes any basis for relief under Rule 60(b).

Based on the foregoing it is ORDERED that Plaintiff's motions (Docs. # 6, 7) are DENIED.

DONE this 15th day of April, 2025.

/s/ W. Keith Watkins<br>UNITED STATES DISTRICT JUDGE